UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAXINE BERNADETTE PUGLISI,

    Plaintiff,

v.                                        Case No: 2:21-cv-93-JLB-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

The Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Commissioner of Social Security's denial of Plaintiff's claim for a period of disability and disability insurance benefits be affirmed. (Doc. 17.) Plaintiff raised a timely objection, and the Commissioner responded. (Docs. 18, 19.) For the reasons below, and after an independent review of the record, Plaintiff has not shown error with the Magistrate Judge's analysis, and the R&R is thus due to be adopted. Accordingly, her objections (Doc. 18) are **OVERRULED**.

## DISCUSSION[1]

**I.  Plaintiff has not shown a compensable harm flowing from the President's inability to remove the Commissioner without cause.**

Plaintiff's first seeks reversal and remand because of an alleged violation of the separation of powers under the U.S. Constitution. (Doc. 18 at 1–3.) As it

---

[1] A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

stands, the President may not remove the Commissioner without a showing of cause.  42 U.S.C. § 902(a)(3).  The Magistrate Judge reasoned that even if such a provision constituted an unconstitutional limitation on the President's removal authority, Plaintiff still would not be entitled to a new hearing with the Social Security Administration ("SSA").  (Doc. 17 at 6–13.)  Specifically, the Magistrate Judge rejected Plaintiff's argument because she had not shown how any restriction affected the determination of her disability claim.  (Id. at 10–13.)

Though the Magistrate Judge made no express determination on section 902(a)(3)'s validity, the Supreme Court has held substantially similar provisions unconstitutional.  See, e.g., Seila L. LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183, 2209 (2020) (analyzing structure of the Consumer Financial Protection Bureau under 12 U.S.C. § 5491(c)(3)); Collins v. Yellen, 141 S. Ct. 1761, 1783 (2021) (same for the Federal Housing Finance Agency under 12 U.S.C. § 4512(b)(2)).  But a plaintiff must nevertheless show how an unconstitutional provision harmed him or her in this context.  See Collins, 141 S. Ct. at 1788–89 (remanding matter for lower courts to address whether unconstitutional restriction on President's power to remove a Director inflicted compensable harm).  This "remedial approach" "should help protect agency decisions that would never have risen to the President's notice." Id. at 1802 (Kagan, J., concurring).[2]

---

[2] Indeed, the Court notes that Justice Kagan, in her concurring opinion, anticipated (and rejected) the exact argument Plaintiff now proffers:

> Similarly, the majority's approach [in Collins] should help protect agency decisions that would never have risen to the President's notice.  Consider the hundreds of thousands of

Here, the Magistrate Judge correctly determined that "there is no evidence in the instant case to suggest that a nexus exists between § 902(a)(3) and any compensable harm to Plaintiff." (Doc. 17 at 12.) Plaintiff responds that she "suffered additional injuries beyond a mere denial of benefits from the unconstitutional actions of the ALJ and Appeals Council. Specifically, the claimant did not receive the constitutionally valid adjudication process [or determination] from SSA's ALJ and Appeals Council to which she was entitled." (Doc. 18 at 2.) Notably, Plaintiff does not argue that the ALJ applied an incorrect legal standard or that the Appeals Council violated her procedural due process. Plaintiff instead connects the assumed unconstitutionality of section 902(a)(3) to the ALJ that decided her case by noting that the Commissioner delegated his decision-making authority to the ALJ and Appeals Council rejecting her claim. (See id.) In essence, Plaintiff argues the restriction on the President tainted the ALJ's evaluation of her case and is thus identifying the very provision at issue as her compensable harm.

---

decisions that the [SSA] makes each year. The SSA has a single head with for-cause removal protection; so a betting person might wager that the agency's removal provision is next on the chopping block. But given the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone. That makes sense. . . . When an agency decision would not capture a President's attention, his removal authority could not make a difference—and so no injunction should issue.

Collins, 141 S. Ct. at 1802 (Kagan, J., concurring).

This circular argument fails to show how a purportedly "unconstitutional restriction on the President's power to remove" the Commissioner caused Plaintiff any harm beyond the provision itself being unconstitutional. Collins, 141 S. Ct. at 1789. "For [Plaintiff] to prevail, identifying some conflict between the Constitution and a statute is not enough." Id. at 1790 (Thomas, J., concurring). She "must show that the challenged Government action at issue"—the ALJ and Appeals Council's resolution of her specific claim for disability benefits—"was, in fact, unlawful." Id. But Plaintiff did not present the Magistrate Judge with any argument tethering the lawfulness of such resolution to the purported unlawfulness of section 902(a)(3). Nor does she present any such argument in her objection. Thus, the Court finds no error with the Magistrate Judge's rejection of this argument.[3]

## II. Substantial evidence supports the ALJ's exertional limitations.

Plaintiff next argues that the ALJ erred in determining Plaintiff could perform work at a medium level—that is, lifting 50 pounds occasionally and carrying 25 pounds frequently. (Doc. 18 at 4.) Relying on her own testimony and other favorable record evidence, Plaintiff maintains that the ALJ should have limited her to light work or less. (Id. at 3.) Plaintiff further argues that the "ALJ

---

[3] Plaintiff briefly addresses the Magistrate Judge's alternative analysis that the ALJ's tenure was ratified by a different Commissioner not subject to the removal provision. (Doc. 18 at 3 (citing Doc. 17 at 12).) Even accepting Plaintiff's argument that the purported ratification was ineffective, she fails to explain how that translates to the removal provision at issue causing her compensable harm. In essence, Plaintiff is advancing a different legal theory which she did not present to the Magistrate Judge as a basis for remand.

has no medical basis to" conclude that she can "lift up to 50 pounds and lift 26 [sic] pounds for 2/3 of a workday." (Id. at 7.)

A residual functional capacity ("RFC") is the most a claimant can do despite her functional limitations and is based upon all relevant evidence including the claimant's own testimony, observations by physicians or other persons, and medical records. 20 C.F.R. § 404.1545(a)(1). As the Magistrate Judge correctly stated, this determination is "within the province of the ALJ, not a doctor." Cooper v. Astrue, 373 F. App'x 961, 962 (11th Cir. 2010); 20 C.F.R. § 404.1546(c). And an ALJ's "factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). Put differently, "[i]f the Commissioner's decision is supported by substantial evidence," the Court must affirm, "even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). This deferential standard does not mean, however, that an ALJ may identify and rely on only record evidence favorable to his or her determination without sufficiently explaining the weight given to obviously probative exhibits detracting from that favorable evidence. See Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983); Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

Here, the ALJ expressly articulated why he found the more restrictive limitations that Plaintiff identifies inapplicable. (See Doc. 13-2 at 27–28.) For example, the ALJ noted that Dr. Douglas Hershkowitz's finding that Plaintiff "is limited to a narrow range of sedentary exertional level work" to have been made

"merely in support of claimant's application for disability benefits . . . [and] are not supported by the doctor[']s own treatment notes or the physical examinations of record." (Id. at 27.) Similarly, the ALJ explained that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [difficulty standing, foot numbness, daily pain, and carpal tunnel] during the period at issue are not bolstered by the treatment history or medical findings . . . ." (Id. at 24.) The Magistrate Judge, as Plaintiff acknowledges, identified "19 combined items" in support of these conclusions. (See Doc. 18 at 5–6 (quoting Doc. 17 at 18–19, 22–23).) But she maintains that "[i]t is unclear how any of these 19 combined items prove that the Plaintiff can" perform work at the medium level. (Id.) The Court disagrees.

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." Sims v. Comm'r of Soc. Sec., 706 F. App'x 595, 604 (11th Cir. 2017). And though Plaintiff may disagree with the evidence that the ALJ relied on in evaluating her claim, this does not mean that the ALJ's decision was unsupported by substantial evidence.

To illustrate, Plaintiff notes a February 2019 appointment in which she presented with pain in her hands and decreased strength. (Doc. 18 at 5.) She also

notes that Plaintiff presented with neck pain and mild carpal tunnel syndrome in 2018. (Id.) But the ALJ cited a July 2019 examination wherein Plaintiff's motor strength, upper and lower extremity joints, and spine were all normal. (Doc. 13-8 at 85–86.) The same was true for an examination in March 2020. (Id. at 60.) The ALJ also noted that, in May 2019, Plaintiff "complain[ed] of tenderness in her right wrist but state[d] the pain ha[d] improved by 85% since surgery" and that she also denied "any weakness in her hand." (Doc. 13-7 at 76.) The Court need not recite every paper the ALJ relied on in determining Plaintiff's RFC—including his credibility determination of Plaintiff's testimony and the persuasiveness of Dr. Hershkowitz's findings. Suffice it to say, a reasonable person could accept these and similar treatment notes as adequate support that Plaintiff can lift no more than 50 pounds at a time and up to 25 pounds from 1/3 to 2/3 of a workday. 20 C.F.R. § 404.1567(c); SSR 83-10, 1983 WL 31251, at * 6 (Jan. 1, 1983). That conclusion is no less correct because Plaintiff disagrees with it, and the Magistrate Judge did not err in rejecting this argument "because the ALJ specifically addressed the persuasiveness of the medical opinions as required by the pertinent regulations and properly assessed Plaintiff's subjective complaints." (Doc. 17 at 16); 20 C.F.R. §§ 404.1520c(b)(2), 404.1520c(c).

At bottom, "[i]n reviewing an ALJ's decision, [the Court] may not decide the facts anew, make credibility determination[s], or re-weigh the evidence, and [the Court] must affirm the ALJ's findings if they are supported by substantial evidence, even if the evidence preponderates against them." Jones v. Soc. Sec. Admin.,

Comm'r, 695 F. App'x 507, 508 (11th Cir. 2017) (citations omitted).  At bottom, the Court will not second guess the ALJ's evaluation of the substantial evidence.

Based on the foregoing, Plaintiff's objections are overruled and the R&R is due to be adopted.[4]

Accordingly, it is **ORDERED**:

1. Plaintiff's objections (Doc. 18) are **OVERRULED** and the Report and Recommendation (Doc. 17) is **ADOPTED** and made part of this Order for all purposes.

2. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** at Fort Myers, Florida, on July 13, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff raises a perfunctory third objection relying on her argument that "the ALJ's limitation of the Plaintiff to medium work was unsupported by substantial evidence . . . ." (Doc. 18 at 8.)  The Court rejects this objection for the same reasons as discussed in resolving her second objection.